IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00487-CBS

WELLES TONJES,

    Plaintiff,

v.

THE PARK COUNTY SHERIFF'S OFFICE;
FRED WEGENER, in his individual capacity; and
MARK HANCOCK, in his individual capacity,

    Defendants.

_____

**PLAINTIFF TONJES' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
_____

Plaintiff, Welles Tonjes, by and through his counsel, the law firm of Benezra & Culver, P.C., submits the following Notice of Supplemental Authority in Support of His Response to Defendants' Motion to Dismiss:

**SUPPLEMENT TO RESPONSE, ARGUMENT, § C(2)**

- *Lane v. Franks, et al.*, 134 S.Ct. 2639, 2377-2379 (2014) ("[the U.S. Supreme Court in] *Garcetti* . . . said nothing about speech that simply relates to public employment or concerns information learned in the course of public employment"; "It would be antithetical to the [Court's] jurisprudence to conclude that the very kind of speech necessary to prosecution by public officials – speech

by public employees regarding information learned through their employment – may never form the basis for a First Amendment retaliation claim").

- *Brammer-Hoelter v Twin Peaks Academy,* 492 F.3d 1192, 1202-04 (10th Cir. 2007) (speech critical of managers' performance and matters of Academy policy not pursuant to official duties were the speech occurred "after hours and outside of the Academy" and where the plaintiffs had no responsibilities to raise those issues in that context).

- *Reinhardt v. Albuquerque Public Schools Board of Education, et al.,* 595 F.3d 1126, 1135-36 (10th Cir. 2010) (speech not made pursuant to official duties because complaints were made outside of the workplace).

## SUPPLEMENT TO RESPONSE, ARGUMENT, § G

- *Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 653-54, 656-57 (Colo. App. 2006) (County Sheriff's Office may be sued in tort subject to the Colorado Governmental Immunity Act and for Breach of Contract).

- *Peterson v. Arapaho County Sheriff,* 72 P.3d 440, 442-445 (Colo. App. 2003) (County Sheriff's Office may be sued under state law and as "person" under 42 U.S.C. § 1983).

- *Tunget v. Board of County Commissioners of Delta County,* 992 P.2d 650, 651-652 (Colo. App. 1999) (County Sheriff's Office is public entity separate and apart from Board of County Commissioners and may be sued).

- *Stump v. Gates,* 777 F. Supp. 808, 815-816 (D. Colo. 1991) (reliance on *Stump* by the Court in *Carey v. El Paso County Sheriff's Office,* 2006 WL 2361808 (D.

2

Colo. August 11, 2006) is misplaced, because *Stump* is limited to question of liability against a City Department not liability against a County Sheriff's Office, which is considered a separate entity from the County).

- *Marchese v. Lucas,* 758 F.2d 181, 188 (6th Cir. 1985) (§ 1983 liability against elected Sheriff in official capacity).

Respectfully submitted this 12th day of July, 2017.

**BENEZRA & CULVER, P.C.**

*/s/ John A. Culver*
_____
John A. Culver, Esq.
Seth J. Benezra, Esq.
Adam W. Ray, Esq.
633 17th Street, Suite 2610
Denver, CO  80202
(303) 716-0254
jaculver@bc-law.com
sjbenezra@bc-law.com
awray@bc-law.com
*Counsel for Plaintiff Welles Tonjes*

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2017, I electronically served the foregoing **PLAINTIFF TONJES' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** with the clerk of the court using the ECF system to the following:

Timothy P. Schimberg, Esq.
Eden R. Rolland, Esq.
Fowler, Schimberg, Flanagan & McLetchie, P.C.
1640 Grant Street, Suite 300
Denver, CO 80203
T_schimberg@fsf-law.com
*Attorneys for Defendants*

Herbert C. Phillips, Esq.
The Phillips Law Offices, LLC
675 Main Street, P.O. Box 1046
Fairplay, Colorado 80440
lee@law-hcp.com
*Attorney for Defendants*

                                    */s/ Carolyn Haddan*
                                    _____
                                    C. Haddan, Litigation Paralegal