**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   17-cv-00487-KHR

WELLES TONJES,

     Plaintiff,

v.

THE PARK COUNTY SHERIFF'S OFFICE;
FRED WEGENER, in his individual capacity; and
MARK HANCOCK, in his individual capacity,

     Defendants,

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

Upon request of all parties for the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.   As used in this Protective Order, the term "document" shall include, without limitation, regardless of how it is generated, stored, or maintained, any

electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained.  *See* Fed. R. Civ. P. 34(A).  A draft or non-identical copy is a separate document within the meaning of this term.

       3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests of current or former employees (including Plaintiff), representatives, or agents of Defendant Park County Sheriff's Office ("Defendant"), including but not limited to: personnel information concerning non-party, current and former employees of Defendant; information concerning private personal matters not generally known to the public, such as, but not limited to, tax returns, protected health information, and/or medical information; non-party employee addresses, contact information, personally identifiable information, and/or social security numbers; non-parties' employment and compensation histories; non-party employee performance evaluations and termination files; information containing industry or Defendant's trade secrets information or proprietary processes; Defendant's proprietary or non-public business information; information relating to Defendant's confidential investigations; information relating to Defendant's investment, business and operational strategies, processes, plans and corporate structure, economic and market analyses, marketing strategies, client/project lists, financial projections and cost information treated or considered by Defendant, by policy or practice, to be confidential or proprietary.  CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case (including any appeal) in accordance with this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    a) attorneys actively working on this case;

    b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c) the parties, including designated representatives for Defendant;

    d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

    e) the Court and its employees ("Court Personnel");

    f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g) witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his or her examination with respect to the document is necessary in connection with such testimony, or any potential witness; and

      h)      other persons by written agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 4(a) through 4(f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as <u>Exhibit A</u>) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Any information designated by a party as CONFIDENTIAL must first be reviewed by the party's attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "Confidential" in a written communication, including, but not limited to email, by entitling the electronic file as "CONFIDENTIAL," or through other appropriate designation as set forth in Paragraph 6 above.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL

and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of notice from the court reporter of the completion of the transcript.

9. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

10. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of that 10-day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2.

13. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or other materials subject to this Stipulated Protective Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the Court under seal or restriction.

14. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL documents.  Counsel may retain a sealed archival copy of materials which contain CONFIDENTIAL documents for legal malpractice purposes only.  Counsel may not access the sealed CONFIDENTIAL documents unless and until it is necessary to defend a professional negligence claim, action, or lawsuit related to this Civil Action, Case No. 17-cv-00487-KHR.  Three years after the termination of this litigation, including any appeals, all sealed CONFIDENTIAL documents which any Party's counsel retained pursuant to this Protective Order shall be returned to the producing party or destroyed.

15. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: December 21, 2017.

BY THE COURT:

_____
Magistrate Judge Kelly H. Rankin

**PROTECTIVE ORDER REVIEWED:**

Counsel

*s/ Adam W. Ray*                                    *s/ Timothy P. Schimberg*
_____           _____
John A. Culver                                        Timothy P. Schimberg
Seth J. Benezra                                       Eden R. Rolland
Adam W. Ray                                          Fowler Schimberg Flanagan & McLetchie,
BENEZRA & CULVER, P.C.              P.C.
Colorado Plaza Tower #1                    1640 Grant Street, Suite 300
633 17th Street                                       Denver, CO  80204
Suite 1310                                               303-298-8603
Denver, CO  80202                              T_Schimberg@fsf-law.com
(303) 716-0254                                      E_Rolland@fsf-law.com
jaculver@bc-law.com                         *Attorneys for Defendants Park County*
sjbenezra@bc-law.com                    *Sheriff's Office and Fred Wegener*
awray@bc-law.com
*Attorneys for Plaintiff*

By: _Herbert C. Phillips_____
Herbert C. Phillips, Esq.
The Phillips Law Offices, LLC
675 Main Street
Fairplay, CO 80440
lee@law-hcp.com
*Attorney for Defendants Park County Sheriff's Office and Fred Wegener*

By: _*s/ David J. Goldfarb*_____
Josh A. Marks, Esq.
David J. Goldfarb, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
jam@bhgrlaw.com
djg@bhgrlaw.com
*Attorneys for Defendant Hancock*

**EXHIBIT A**

**AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge I have read the Protective Order (the "Order") in *Welles Tonjes v. The Park County Sheriff's Office, et al*., 17-cv-00487-KHR, United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____
Full Name and Title

_____     _____
Signature                          Date